Eric A. LaGuardia (SBN 272791)
**LAGUARDIA LAW**
402 West Broadway, Suite 800
San Diego, CA 92101
Tel.  (619) 655-4322
Fax.  (619) 655-4344
eal@laguardialaw.com

Attorneys for Plaintiff,
KRISTY OSKAM

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTY OSKAM, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> PRINCE-PARKER & ASSOCIATES, INC., <br><br> Defendants. | Case No.: '17CV2482 GPC KSC <br><br> **COMPLAINT FOR DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** |

- i -
**COMPLAINT**

Oskam v. Prince-Parker & Associates, Inc.

# INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); the California Rosenthal Act, Civil Code § 1788 *et seq.* ("Rosenthal Act"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; among others.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. Defendant's violations were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

6. Through this complaint, Plaintiff does not allege any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek through this complaint to reverse or modify any judgment of any state court.

# JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. Because Defendant does business within the State of California, personal jurisdiction is established.

9. Because a substantial part of the events or omissions giving rise to the claim occurred in San Diego County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

///
///

## PARTIES

10. Plaintiff, KRISTY OSKAM, ("Plaintiff"), is a natural person residing in the County of San Diego, and State of California.

11. Defendant PRINCE-PARKER & ASSOCIATES, INC., ("Defendant"), is a company doing business collecting debts in California operating from an address at 8625 Crown Crescent Court, Charlotte, NC 28227.

12. Plaintiff is a consumer as defined by both the Federal Fair Debt Collection Practices Act and the California Rosenthal Act.

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

///

## FACTUAL ALLEGATIONS

18.  Sometime before September 1, 2017, Plaintiff is alleged to have incurred certain financial obligations.

19.  These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20.  These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21.  Sometime thereafter, but before September 1, 2017, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

22.  Subsequently, but before September 1, 2017, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

23.  Beginning on or about September 1, 2017, despite already having Plaintiff's phone number, and knowing the phone number they were calling was not Plaintiff's phone number, Defendant called Plaintiff's mother over a dozen times over a period of several weeks.

24.  Despite Plaintiff's mother's repeated requests for Defendant's representative to identify the name of its company, Defendant's representative refused to do so.

25.  During calls to Plaintiff's mother, Plaintiff's mother repeatedly asked Defendant to stop calling her. Defendant continued to call Plaintiff's mother regarding Plaintiff's debt several times.

26.  The calls to Plaintiff's mother cause emotional distress to both Plaintiff and Plaintiff's mother.

///

27. The above calls to Plaintiff's mother were each a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

28. These communications were each a "debt collection" as defined by Cal. Civ. Code 1788.2(b).

29. Through this conduct, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and communicated with said person more than once without the request to do so by such person and without reasonably believing that the earlier response by said person was erroneous or incomplete and without reasonably believing that such person now had correct or complete location information. Consequently, Defendant violated 15 U.S.C. § 1692b(3).

30. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, through this conduct, Defendant communicated, in connection with the collection of a debt, with a person other than the consumer, her attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692c(b).

31. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

32. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

33. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair

Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

34. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

35. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

36. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

37. Plaintiff repeats, re-alleges, and incorporates by reference, all other Paragraphs.

38. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

39. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant

to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

40. WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and
- Any other relief that the court deems proper.

Dated: **December 11, 2017**         s/Eric A. LaGuardia
                                     Eric A. LaGuardia
                                     Attorney for Plaintiff
                                     KRISTY OSKAM

## DEMAND FOR JURY TRIAL

Plaintiff, KRISTY OSKAM, by and through his attorney, Eric LaGuardia, hereby demands a trial by jury in the above-captioned matter.

Dated: **December 11, 2017**         s/Eric A. LaGuardia
                                     Eric A. LaGuardia
                                     Attorney for Plaintiff
                                     KRISTY OSKAM